UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JORDAN ARMAND WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-25-ACL |
| | ) | |
| RICHARD TROUT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Plaintiff Jordan Armand Woods commenced this civil action on February 2, 2017. He sought and was granted leave to proceed *in forma pauperis*. Upon initial review, the Court noted that, while much of the complaint was illegible, it was clear that plaintiff named eight defendants and alleged unrelated constitutional violations occurring on various dates in 2013 and 2014. A civil plaintiff may not bring multiple claims against multiple parties.[1] The Court also noted that plaintiff simply listed the defendants' names in the "Statement of Claim" portion of the complaint without specifying what each defendant personally did to violate his constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that

---

[1] Rule 18(a) of the Federal Rules of Civil Procedure states, "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."
   Rule 20(a)(2) of the Federal Rules of Civil Procedure allows for joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."

each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Finally, the Court noted that plaintiff failed to specify the capacity in which he intended to sue the defendants. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). The complaint failed to state a claim against any defendant in an official capacity.

Noting plaintiff's *pro se* status, the Court permitted plaintiff leave to file an amended complaint to cure the deficiencies. The Court also directed plaintiff to submit an initial partial filing fee of $3.17. The Court cautioned plaintiff that his failure to timely comply would result in the dismissal of this action. Plaintiff's response was due to the Court on March 8, 2017. To date, he has neither complied with the Court's order, nor sought additional time to do so. The Court therefore determines that dismissal is appropriate pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, due to plaintiff's failure to comply with this Court's February 6, 2017 order and his failure to prosecute his case. *See Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (Rule 41 dismissal is appropriate in cases of willful disobedience of a court order or persistent failure to prosecute a complaint); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (holding that a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that the complaint is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 17th day of March, 2017.

                                                                                  _____
                                                                 JOHN A. ROSS
                                                                 UNITED STATES DISTRICT JUDGE